IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br>    vs.<br><br><br>SANG M. TANG,<br><br>    Defendant. | ORDER REGARDING PROPOSED<br>JURY INSTRUCTIONS<br><br><br><br><br>Case No. 2:06-cr-00353 |

    In accordance with the pretrial order in this case, the government submitted proposed jury

instructions, on October 20, 2006.[1]  After reviewing these instructions, the court is unclear about

the appropriateness of the Government's Requested Jury Instruction No. 8, an instruction

regarding deliberate indifference.

    In *United States v. Francisco-Lopez*, the Tenth Circuit found a deliberate indifference

instruction to be inappropriate where the defendant was convicted of knowing possession with

the intent to distribute cocaine.[2]  "A deliberate ignorance instruction alerts the jury 'that the act of

avoidance of knowledge of particular facts may itself circumstantially show that the avoidance

---

[1] *See* Docket No. 51.

[2] 939 F.2d 1405, 1409 (10th Cir. 1991).

was motivated by sufficient guilty knowledge to satisfy the . . . "knowing" element of the crime.'"[3]  The Tenth Circuit held that deliberate indifference instructions are rarely appropriate "because it is a rare occasion when the prosecution can present evidence that the defendant deliberately avoided knowledge."[4]  This type of instruction should "be given *only* when evidence has been presented showing the defendant purposely contrived to avoid learning the truth."[5]  Further, the court emphasized, "the same fact or facts cannot be used to prove both actual knowledge *and* deliberate indifference because the two are mutually exclusive concepts. . . . Logic simply defies that result."[6]  Giving a deliberate indifference instruction where there is no evidence of avoidance of knowledge, but there is evidence of direct knowledge, presents a danger of the jury convicting a defendant who merely should have known of the crime.[7]  This would be "tantamount to conviction for negligence," contrary to 21 U.S.C. § 841(a)'s requirement of intentional wrongdoing.[8]

The Ninth Circuit has similarly limited the use of deliberate indifference instructions, saying they "should not be given in every case where a defendant claims a lack of knowledge, but only in those comparatively rare cases where, in addition, there are facts that point in the

---

[3]*Id.* at 1409 (citations and internal quotations omitted).

[4] *Id.*

[5] *Id.*

[6] *Id.* at 1410.

[7] *Id.*

[8] *Id.*

direction of deliberate indifference."[9]  Giving such instructions where no facts point to deliberate indifference may cause the jury to presume guilt — "a jury . . . may infer that the defendant possessed 'knowledge' when it would not otherwise have done so."[10]

Based on this case law and the court's recollection of the facts adduced at the suppression hearing, the court is not convinced the government's proposed deliberate indifference instruction is proper.  Therefore, the court orders the government to address at the hearing on November 1, 2006, whether the proposed deliberate indifference instruction is appropriate in this case.  At this hearing, the government must be prepared to proffer a sufficient basis for including this instruction.

DATED this  31 day of October, 2006.

BY THE COURT:

_____

Paul G. Cassell
United States District Judge

---

[9] *United States v. Murrieta–Bejarano*, 552 F.2d 1323, 1325 (9th Cir. 1977).

[10] *Id.*